In the Matter of Garry A. NELSON.

Petition for Reinstatement.

No. 408 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

July 20, 1999.

*ORDER*

PER CURIAM:

AND NOW, this 20th day of July, 1999, upon consideration of the Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated July 2, 1999, the Petition for Reinstatement is denied, and the requirements of Disciplinary Board Rule § 89.272(c) are hereby waived.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement.

In the Matter of Valerie J. GLOVER.

Petition for Reinstatement.

No. 845 Disciplinary Docket No. 2.

Supreme Court of Pennsylvania.

July 23, 1999.

*ORDER*

PER CURIAM:

AND NOW, this 23rd day of July, 1999, upon consideration of the Report and Recommendations of the Disciplinary Board dated May 21, 1999, the Petition for Review and response thereto, the Petition for Reinstatement is denied. Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement.

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

v.

David Lynn LOWANS, Respondent.

No. 185 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

July 27, 1999.

*ORDER*

PER CURIAM:

AND NOW, this 27th day of July, 1999, on certification by the Disciplinary Board that the respondent, DAVID LYNN LOWANS, who was suspended by Order of this Court dated April 24, 1996, for a period of thirty days, has filed a verified statement showing compliance with all the terms and conditions of the Order of Suspension and Rule 217, Pa.R.D.E., and there being no other outstanding order of suspension or disbarment, DAVID LYNN LOWANS is hereby reinstated to active status, effective immediately.